Slip Op. 12-104

# UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
APEX EXPORTS AND FALCON      :
MARINE EXPORTS LIMITED,      :
                   Plaintiffs,    :
     :
v.      :     Before: Richard W. Goldberg, Senior Judge
     :     Consol. Court No. 11-00291
     :
UNITED STATES,      :
          Defendant,      :
     :
and      :
     :
AD HOC SHRIMP TRADE ACTION      :
COMMITTEE and AMERICAN SHRIMP      :
PROCESSORS ASSOCIATION,      :
              Defendant-Intervenors.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## OPINION AND ORDER

[The Court stays its decision pending appeal in *Union Steel v. United States*, CAFC Court No. 2012-1248]

Dated: August 6, 2012

*Lizbeth R. Levinson*, Kutak Rock LLP, of Washington, D.C., argued for plaintiffs.

*Joshua Ethan Kurland*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., argued for defendant. With him on the brief were *Stuart F. Delery*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Patricia M. McCarthy*, Assistant Director. Of counsel was *Scott D. McBride*, Senior Attorney, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, of Washington, D.C.

*David A. Yocis*, Picard, Kentz, & Rowe LLP, of Washington D.C., argued for defendant-intervenor Ad Hoc Shrimp Trade Action Committee. With him on the brief were *Andrew W. Kentz*, *Nathaniel Maandig Rickard*, and *Jordan C. Kahn*.

*Geert M. De Prest*, Stewart and Stewart, of Washington D.C., argued for defendant-intervenor American Shrimp Processors Association. With him on the brief were *Terence P. Stewart*,

*Elizabeth J. Drake*, *Stephanie R. Manaker*, Stewart and Stewart, of Washington, D.C., and *Edward T. Hayes*, Leake & Andersson, LLP, of New Orleans.

Goldberg, Senior Judge: This consolidated action challenges three determinations made by the U.S. Department of Commerce ("Commerce" or "the Department") in the final results of the fifth administrative review of an antidumping duty order on frozen warmwater shrimp from India. *Certain Frozen Warmwater Shrimp From India: Final Results of Antidumping Duty Administrative Review, Partial Rescission, and Final No Shipment Determination*, 76 Fed. Reg. 41, 203 (Dep't Commerce July 13, 2011) (Final Results).

Plaintiffs Apex Exports and Falcon Marine Exports Limited (collectively "Plaintiffs") challenge, *inter alia*, Commerce's use of "zeroing" in the administrative reviews at issue.[1]  Pl.'s Br. 16.  Plaintiffs claim that, like in *Dongbu*, "the Department has failed to articulate any cogent reason for applying zeroing in this administrative review when it has discontinued the practice in investigations."  Pl.'s Br. 18 (citing *Dongbu Steel Co., Ltd. v. United States*, 635 F.3d 1363 (Fed. Cir. 2011)).

The Court has decided to stay the proceedings pending the final disposition of *Union Steel v. United States*, 36 CIT __, Slip Op. 12-24 (Feb. 27, 2012) ("Union Steel").  *Union Steel* involves the question of the legality of Commerce's zeroing methodology as applied to an administrative review of an antidumping duty order.  *Union Steel*, 36 CIT __, __, Slip Op. 12-24, at 2.  The judgment entered by the Court of International Trade in that case is now on appeal

---

[1] As defined by the Court of Appeals for the Federal Circuit in *JTEKT Corp.* and *Dongbu Steel*, "zeroing is the practice whereby the values of positive dumping margins are used in calculating the overall margin, but negative dumping margins are included in the sum of margins as zeroes." *JTEKT Corp. v. United States*, 642 F.3d 1378, 1383–85 (Fed. Cir. 2011) (citing *Dongbu Steel Co. Ltd. v. United States*, 635 F.3d 1363, 1366 (Fed. Cir. 2011)).

before the United States Court of Appeals for the Federal Circuit ("Federal Circuit").[2]  Both the

Plaintiffs and the Defendant oppose the proposed stay.  Pls.' Response to the Court's Letter

Dated July 11, 2012 (July 27, 2012); Def's Response to Court's Letter Regarding Stay Issues

(July 26, 2012).

However, for the reasons discussed herein, the Court has decided to stay the proceedings

despite the parties' opposition.  In summary, the pending litigation in the Federal Circuit is likely

to affect the disposition of Plaintiffs' claim challenging the Department's zeroing practice.

Although the case at bar concerns a different antidumping duty order and administrative review

than are involved in *Union Steel*, both cases raise the same general issue (i.e., whether the

Department's application of the zeroing methodology in an administrative review of an

antidumping duty order is permissible under antidumping law).

"[T]he power to stay proceedings is incidental to the power inherent in every court to

control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The decision of

"[w]hen and how to stay a proceeding is within the sound discretion of the trial court."  *Cherokee

Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997).  In making this decision,

the court must "weigh competing interests and maintain an even balance."  *Landis*, 299 U.S. at

257.

---

[2]  The Plaintiff-Appellants Union Steel and Dongbu filed a Notice of Appeal of the judgment in *Union Steel* on March 6, 2012.  ECF No. 79 (Consol. Ct. No. 11-00083).  The appeal has been docketed as *Union Steel v. United States*, CAFC Court No. 2012-1248.

In opposing the proposed stay, Defendant argues that "a decision from the Federal Circuit will have no bearing upon the legal merits" of the two remaining issues in this case. Def.'s Letter 3. The Government further claims that "[r]ather than 'preserving judicial resources,' such a stay would merely prolong litigation of unrelated issues." *Id.* Plaintiffs oppose the stay because "the ability for revocation may be compromised because Falcon and Apex have not obtained full consideration of their own arguments by this court." Pls.' Letter 2.

However, a stay will serve the interest of judicial economy and will conserve the resources of the parties. The Federal Circuit's decision on zeroing in *Union Steel* is likely to be binding on this Court. Further, the Court fails to see what harm the stay would cause to either party. The Defendant, in opposing the proposed stay, does not even identify any such harm. *See* Def.'s Letter.

## CONCLUSION

Having weighed the "competing interests" and in an effort to "maintain an even balance," *Landis*, 299 U.S. at 255, the Court has determined that the proposed stay serves the interests of judicial economy and conservation of the parties' resources. Neither Plaintiffs nor Defendant have shown the harm that would result from the proposed stay. Therefore, the Court will stay the case pending the final disposition of *Union Steel*.

## ORDER

Upon consideration of all papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that this case be, and hereby is, stayed until 30 days after the final resolution of all appellate review proceedings in *Union Steel v. United States*, CAFC Court No. 2012-1248.

/s/ Richard W. Goldberg
Richard W. Goldberg
Senior Judge

Dated: August 6, 2012
New York, New York